# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVONNE HOOKS, Individually and on behalf of all others similarly situated,<br>　　　Plaintiff,<br><br>　　　v.<br><br>DIGNITY HEALTH; and DOES 1 through 50, inclusive,<br>　　　Defendant. | CV 22-07699 DSF (PDx)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND (Dkt. 20); ORDER DISMISSING SECOND AND THIRD CAUSES OF ACTION WITHOUT PREJUDICE |

　　Defendant Dignity Health removed this case on the basis of federal jurisdiction pursuant to the Class Action Fairness Act of 2005 (CAFA). Dkt. 1 (Removal). Plaintiff Travone Hooks moves for remand. Dkt. 20 (Mot.). Dignity Health opposes. Dkt. 27 (Opp.). For the reasons stated below, Hooks' motion to remand is DENIED.

## I. BACKGROUND

　　Dignity Health is a health care provider that operates primary care clinics in twenty-two states. Dkt. 1-1 (Compl.) ¶ 22. One of the services that Dignity Health provides is "processing and fulfilling patient medical requests on behalf of an engaged hospital, physician or group practice." Id. ¶ 6. On May 27, 2021, Hooks requested his personal health information (PHI) from Dignity Health pursuant to the Health Information Technology for Economic and Clinical Health Act (HITECH), 45 C.F.R. § 164.524. Id. ¶¶ 7, 36. In response to the request, Dignity Health did not provide all requested information and some of the data provided was not in the requested native electronic

form. Dignity Health charged Hooks $23.90 for this request. Id. ¶¶ 47-48, 50. Hooks repeated his request several months later and Dignity Health again provided information in the incorrect form. Id. ¶¶ 9, 51, 54. Dignity Health charged Hooks $21.95 for the second request. Id. ¶ 10. Hooks filed this class action lawsuit on September 20, 2022, in Los Angeles County Superior Court for Dignity Health's failure to provide complete electronic PHI records. Hooks alleges three causes of action (1) Breach of Contract; (2) Unjust Enrichment; and violations of (3) California's Unfair Competition Law. Id. ¶¶ 84-118. On October 21, 2022, Dignity Health removed this action pursuant to 28 U.S.C. § 1332(d). Dkt. 1 ¶¶ 11-13.

## II. LEGAL STANDARD

The Class Action Fairness Act of 2005 gives federal courts jurisdiction over class actions involving at least 100 class members, minimal diversity, and at least $5 million in controversy. 28 U.S.C. § 1332(d). "Congress designed the terms of CAFA specifically to permit a defendant to remove certain class or mass actions into federal court . . . [and] intended CAFA to be interpreted expansively." Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015). In a notice of removal, the defendant need only plausibly allege that the prerequisites are met. Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 89 (2014). Both "parties may submit evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal." Ibarra, 775 F.3d at 1199-1200 (citation omitted). There is no presumption against removal under CAFA. Dart Cherokee, 574 U.S. at 89 ("no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court").

## III. DISCUSSION

### A. Home State and Local Controversy Exceptions

Hooks moves for remand based on the home state controversy exception (HSE). "CAFA was intended to strongly favor federal

jurisdiction over interstate class actions." King v. Great Am. Chicken Corp, Inc., 903 F.3d 875, 878 (9th Cir. 2018) (internal citation omitted). "Congress provided exceptions to CAFA jurisdiction, however, to allow truly *intra*state class actions to be heard in state court." Adams v. W. Marine Prod., Inc., 958 F.3d 1216, 1220 (9th Cir. 2020). There is a mandatory and discretionary HSE. The mandatory HSE requires a court to decline to exercise jurisdiction where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). The discretionary HSE allows for a district court to decline jurisdiction where "greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed" if a consideration of six factors weighs in favor of remand. 28 U.S.C. § 1332(d)(3). For both exceptions, "the party seeking remand bears the burden to prove an exception to CAFA's jurisdiction." Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1021-22 (9th Cir. 2007). "To meet this burden, the moving party must provide some facts in evidence from which the district court may make findings regarding class members' citizenship" at the time of removal. Brinkley v. Monterey Fin. Servs., Inc., 873 F.3d 1118, 1121 (9th Cir. 2017) (internal quotation marks omitted). "The district court makes these factual findings under a preponderance of the evidence standard." Id.

Whether either HSE applies here will depend on whether Hooks can meet his burden to show the requisite California citizenship of the class. While the burden "should not be exceptionally difficult to bear," a finding that the requisite number class members are California citizens must be based on more than mere "guesswork." Adams, 958 F.3d at 1221. There is ample circuit precedent illustrating what sort of evidence is insufficient. In Mondragon v. Cap. One Auto Fin., 736 F.3d 880 (9th Cir. 2013), plaintiffs argued that a "class defined to be limited to persons who purchased a vehicle in California for personal use to be registered in the State of California will necessarily be California citizens." Id. at 883. But the Ninth Circuit found that to be

3

unpersuasive. Inferring the citizenship of class members based on car registration may be reasonable, but the plaintiffs did not account for or quantify cars registered "by members of the military, by out-of-state students, by owners of second homes, by other temporary residents who maintained legal citizenship in other states, and by persons who live in California but are not U.S. citizens." Id. at 884. And in King, the Ninth Circuit deemed a stipulation that two-thirds of the class had listed California addresses as their last known address, to be insufficient to meet the standard. King, 903 F.3d at 876. And in Sprint, it seemed

> likely that the proposed class consisted overwhelmingly of Kansas citizens, for the class as defined included only people who had a Kansas cell phone number, a Kansas billing address, and paid a Kansas fee. Nonetheless, the court vacated a remand order and sent that case back to the district court for further proceedings because the plaintiffs had not submitted any evidence of citizenship.

Mondragon, 736 F.3d at 884–85 (citing In re Sprint Nextel Corp., 593 F.3d 669, 673–76 (7th Cir. 2010)). In the end, in all of these cases the courts found the evidence presented, commonsense as it may seem, was just "guesswork. Sensible guesswork, based on a sense of how the world works, but guesswork nonetheless." Mondragon, 736 F.3d at 884 (quoting In re Sprint Nextel Corp., 593 F.3d at 674).

The evidence presented by Hooks is even flimsier than that rejected in the above cases. Hooks presents authenticated website printouts to show that Dignity Health has a presence in twenty-three counties in California, and its only other presence is seven locations in Arizona and Nevada. Mot. at 5-6; Dkt. 20-3; Dkt. 20-4; Dkt. 20-5. He also provides exhibits showing the population of California (40 million) and contrasts it to the population of Arizona and Nevada (about 10 million combined). Mot. at 6; Dkt. 20-6; Dkt. 20-7; Dkt. 20-8. While this might provide for logical guesses about how prevalent California citizens may be in the class, it is insufficient. As Dignity Health points out:

4

> Plaintiff relies merely on the size of the general population, out of context of, for example of the capacity of the particular identified facilities, the numbers of alternative medical care facilities in any particular geographic area and their sizes, numbers of patients seen at the various facilities, the types of care offered, or the average distance which patients tend to travel to receive care at a particular facility. These considerations, and many others, may well affect the numbers and ratios of release of information requests received by the facilities in question.

Opp'n at 5. But more importantly, nothing in Hooks' evidence indicates the citizenship and domicile of the class members. In the cases reviewed above, the Ninth Circuit has found home addresses, which are at least some evidence of domicile, to be insufficient to show that the class members were citizens of the state. In sum, Hooks' motion presents only "guesswork," and no matter how sensible it may seem, it is not enough to support the mandatory or discretionary HSE.

## B.   Equitable Jurisdiction

Relying on Sonner v. Premium Nutrition Corp., 971 F.3d 834, 844 (9th Cir. 2020) (Sonner I), Hooks argues that if the Court finds the HSEs do not apply, it should at least remand the equitable claims for lack of equitable jurisdiction. In Sonner I, the Ninth Circuit affirmed dismissal of claims under California's Unfair Competition Law and Consumers Legal Remedies Act where the plaintiff had voluntarily dismissed her claims for legal remedies and sought restitution only. Id. at 838. California state law does not have an "inadequate-remedy-at-law doctrine for claims seeking equitable restitution under the UCL and CLRA,"[1] but federal courts require that "the party pursuing

---

[1] Dignity Health argues that the Ninth Circuit never actually decided whether California did indeed abrogate the inadequate-remedy-at-law requirement for these claims. This has no bearing on whether this Court has equity jurisdiction. Further, the California Supreme Court has allowed for restitution as a remedy under these statutes without a showing that there

5

equitable relief establish that it lacks an adequate legal remedy." Id. at 839. The Ninth Circuit found that, for a court sitting in diversity, the nature of federal courts' equitable powers was unaffected by the state statute. Id. at 842. Because the plaintiff in Sonner I failed to show that she lacked an adequate legal remedy, her remaining claims for equitable remedies were dismissed. Id.

Hooks argues that because there is nothing suggesting that Hooks' legal remedies are inadequate, the Court does not have equitable jurisdiction and remand of the equitable claims is proper.

The Court agrees that it does not have equitable jurisdiction. "[T]he question of equitable jurisdiction, [is] a question concerned, not with whether the claim falls within the limited jurisdiction conferred on the federal courts, but with whether consistently with the principles governing equitable relief the court may exercise its remedial powers." Schlesinger v. Councilman, 420 U.S. 738, 754 (1975). "In order to entertain a request for equitable relief, a district court must have equitable jurisdiction, which can only exist under federal common law if the plaintiff has no adequate legal remedy." Guzman v. Polaris Indus., 49 F.4th 1308, 1313 (9th Cir. 2022). For the equitable claims here, Hooks has not pleaded lack of a legal remedy. The closest the Complaint comes is calling the unjust enrichment claim an "alternative to breach of contract claim." Dkt. 1-1 (Compl.) ¶ 110. This is not the same as pleading that damages would fail to make Hooks whole. See, e.g., Forrett v. Gourmet Nut, Inc., No. 22-cv-02405-BLF, 2022 WL 6768217, at *5 (N.D. Cal. Oct. 11, 2022) (agreeing with defendant that a "plaintiff cannot state a claim for equitable relief 'if the pleading does not demonstrate the inadequacy of a legal remedy'" and rejecting plaintiff's argument that "courts allow plaintiffs to plead equitable relief in the alternative to legal relief").

The Court finds, however, that dismissal without prejudice is the proper resolution here. See Guzman, 49 F.4th at 1315 ("Because the

---

was an inadequate remedy at law. See Cortez v. Purolator Air Filtration Products Co., 23 Cal. 4th 163, 175-76 (2000).

6

district court lacked equitable jurisdiction over Albright's UCL claim, it could not, and did not, make a merits determination" and "the district court should have . . . dismissed it without prejudice for lack of equitable jurisdiction").

## IV. CONCLUSION

Plaintiff's motion to remand is DENIED. Because the Court lacks equitable jurisdiction over Hooks' Second and Third Causes of Action, they are dismissed without prejudice.

IT IS SO ORDERED.

Date: December 27, 2022

Dale S. Fischer
United States District Judge