**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Pamela E. Prescott, Esq. (328243)
pamela@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**TORKLAW**
Reza Torkzadeh, Esq. (249550)
reza@torklaw.com
11601 Wilshire Blvd., Suite 500
Los Angeles, CA 90025
Telephone: (310) 935-1111

[Additional Counsel On Signature Page]

Attorneys for Plaintiff,
Travonne Hooks

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVONNE HOOKS, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DIGNITY HEALTH,<br><br>Defendant. | **Case No.:** 2:22-cv-07699-DSF-PD<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR BREACH OF CONTRACT**<br><br>**JURY TRIAL DEMANDED** |

# INTRODUCTION

1. Plaintiff TRAVONNE HOOKS, ("Plaintiff") brings this class action on behalf of Plaintiff and all persons who entered implied-in-fact contracts with Defendant DIGNITY HEALTH ("Defendant") for access to their personal electronic health information ("PHI") records and received only partial and/or incomplete PHI records from Defendant and/or received PHI records in a format other than the format requested.

2. Plaintiff, individually and on behalf of all others similarly situated, brings this action for damages, and any other available legal remedies, resulting from the wrongful conduct of Defendant which resulted in breach of contract.

3. When an individual requests their PHI from a heath care provider or entity that holds or keeps digitized electronic health information, the entity must disseminate the individual's PHI (a) in a timely manner and (b) in a format requested by the individual requesting the records. The entity may also impose a reasonable cost-based fee.[1]

4. Because Defendant provides the service of processing and fulfilling patient medical requests on behalf of an engaged hospital, physician or group practice, Defendant charges the requesting individual a fee associated with this service.

5. In May of 2021, Plaintiff requested his PHI (i.e., Plaintiff's billing records, physicians' billing statements, radiologist/diagnostic testing/imaging billing statements, and medical records) and requested that all PHI be delivered by electronic mail or by facsimile. However, Defendant failed to provide all information available and/or in the form or format requested by Plaintiff.

6. In June of 2021, Defendant charged Plaintiff $23.90 for the PHI requested, which included a $0.10 charge per page (for 89 pages) and a $15.00

---

[1] *Id*.

retrieval charge. However, Defendant failed to provide all of Plaintiff's requested PHI.

7. In July of 2021, after not receiving the previously requested billing records, Plaintiff again requested all billing-related PHI be delivered by electronic mail or by facsimile. Although Defendant provided the requested information, it failed to do so by electronic mail or facsimile, as requested. It also failed to provide the requested information in a timely manner.

8. In August of 2021, Defendant charged Plaintiff another $21.95 for the PHI requested, which included a $20.00 Base Fee, $0.75 for copies of the documents requested, and a $1.20 postage charge.

9. Through such conduct, Defendant has caused Plaintiff and similarly situated consumers actual monetary harm for out of pocket costs and expenses for services in which they did not receive, or in other words, charged more than Defendant should have based on the services provided.

10. Specifically, Plaintiff brings this complaint for damages arising out of Defendant's conduct of improperly and unfairly charging Plaintiff and those similarly situated fees for access to their PHI, yet failing to produce all electronic PHI information, and also failing to produce the requested PHI in a form and format requested by Plaintiff.

11. Defendant has engaged in inequitable conduct by not providing individuals with their full PHI medical information, while Defendant continues to bill individuals for services it is not completely providing. By failing to provide individuals with a complete copy of their electronically stored PHI, Defendant has breached its contracts with Plaintiff and those similarly situated.

12. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

13. Unless otherwise indicated, the use of Defendant's name in this

Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendant.

## JURISDICTION AND VENUE

14. This Court has jurisdiction over this action pursuant to CAFA, 28 U.S.C. § 1332(d), based on Defendant's representation that there is at least one class member is of diverse citizenship from the Defendant located in the State of Nevada (*see* Dkt. No. 1-2, ¶ 8); that there are more than 100 class members; and that the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs.

15. The Court has personal jurisdiction over Defendant because Defendant is domiciled in California.

16. Venue is proper in this Court because (i) a substantial part of the events giving rise to the Plaintiff's claims against Defendant occurred within this judicial district and (ii) Defendant conducts business within this judicial district.

## PARTIES

17. Plaintiff is an individual residing in the County of Los Angeles, State of California.

18. Upon information and belief, Defendant's principal place of business is in the County of San Francisco, State of California, at 185 Berry Street, Suite 200, San Francisco, CA 94107.

19. Upon information and belief, Defendant is incorporated in the State of California.

20. Defendants operates primary care clinics in twenty-two states within the United States, including for example, California, Nevada, and Arizona.

21. Plaintiff alleges that at all times relevant herein, Defendant conducted business in the State of California, in the County of Los Angeles, and within this judicial district.

**FACTUAL ALLEGATIONS**

22.    Plaintiff is an individual and patient who received medical treatment/care at St. Mary Medical Center-Long Beach, a Dignity Health care provider, after suffering bodily injuries because of an accident.

23.    St. Mary Medical Center-Long Beach utilized the technology vendor, Verisma Systems, Inc., to implement and maintain the entity's EHR system.

24.    Verisma Systems, Inc., must certify to the federal government that it complies with federal requirements regarding, among other components, audit trails. Verisma Systems, Inc., has certified its EHR system meets all federal requirements, including the creation and maintenance of audit trails.[2]

25.    Thereafter, Plaintiff's medical provider St. Mary Medical Center-Long Beach, via themselves and/or Defendant, maintained Plaintiff's PHI in an electronic format.

26.    Sometime on or about May 27, 2021, Plaintiff requested that Defendant provide Plaintiff with Plaintiff's full electronic medical records.

27.    Said request was sent by Plaintiff, through Plaintiff's counsel, to Defendant via a written HIPPA authorization to release medical records and/or bills signed by Plaintiff, that clearly identify the designated recipient as THE TORKZADEK LAW FIRM and where to send the copy of protected health information, with the records being requested for the stated purpose of "Patient Access".

28.    Plaintiff requested all of Plaintiff's PHI medical records in Defendant's possession, including, but not limited to "**all** . . . **billing records**, including but not limited to an ICD/CPT Coded Billing Statements and/or HICFA Invoices;" "Physicians' Billing Statements and/or Radiologist/Diagnostic Testing/Imaging

---

[2] Verisma Systems Inc.'s certification can be verified at https://chpl.healthit.gov/#/search.

Billing Statements;" and "**Medical records**, including but not limited [to] [sic] intakes, histories, lab/diagnostic/radiological reports, narratives, consultations, prescriptions, therapy/treatment/chart notes, physical/mental evaluations, and off-work/off-school slips" (emphasis in original) since May 22, 2021.

29. Plaintiff further requested that the records be provided in an electronic form by electronic email or by facsimile.

30. Upon information and belief, Plaintiff's PHI with Dignity Health was maintained in electronic format and did not need to be scanned in from paper copies.

31. On or about June 3, 2021, Defendant faxed to Plaintiff's counsel Plaintiff's PHI, containing Plaintiff's medical records from St. Mary Medical Center-Long Beach since May 22, 2021.

32. After Defendant sent over by fax some of the Plaintiff's PHI requested by Plaintiff, Defendant created in their name an invoice that it faxed to Plaintiff on or around June 3, 2021, request number ending in 8814.

33. The invoice charged $8.90 for the documents requested (i.e., $0.10 per page for 89 pages) and a $15.00 retrieval fee.

34. The invoice did not inform Plaintiff that the at-issue records were not maintained in a format other than an electronic format.

35. In total, Plaintiff paid approximately $23.90 to have an electronic copy of said PHI records sent to Plaintiff.

36. However, upon receiving Plaintiff's electronic PHI records from Defendant, Plaintiff discovered that Defendant failed to provide Plaintiff with complete records. Instead, Defendant provided Plaintiff with incomplete PHI records that were altered and/or lacking the original metadata, including the record's audit trail. Additionally, Defendant failed to provide Plaintiff with billing records requested, such as Physicians' Billing Statements and Radiologist/Diagnostic Testing/Imaging Billing Statements.

37. As a result, Defendant's charged Plaintiff $23.90 for a purported complete copy of Plaintiffs PHI records yet failed to provide all requested records.

38. Plaintiff paid for and reasonably expected to receive the full electronic PHI that Plaintiff had requested.

39. By providing Plaintiff with an electronic health record that was not produced in its native electronic form, which includes the electronic audit trail and metadata, Plaintiff is deprived of relevant information such as where and when Plaintiff's providers last accessed Plaintiff's electronic health record and any alterations to Plaintiff's health records. Further, by having failed to provide Plaintiff with the billings requested, Defendant deprived Plaintiff of access to information that would have provided him with a better estimate of the damages he sustained because of his accident.

40. After not having received the requested billing records, Plaintiff, through counsel, sent Defendant another records request on or about July 21, 2021. This request asked Defendant to send Plaintiff's PHI via electronic mail or facsimile.

41. The July 21, 2021, request also sought "**all** . . . **billing records/statements/invoices** for all charges incurred including but not limited to . . . **ICD/CPT Coded Billing Statement, Emergency Physicians Billing Statement, Hospital Services Billing Statement[,] [sic] HICFA Invoices, and/or Radiologist/Diagnostic Testing/Imaging Billing Invoices**" since May 22, 2021. (emphasis in original).

42. Attached to the July 21, 2021 request was a faxed note to Defendant by Plaintiff's counsel, indicating that Plaintiff's counsel "requested for [Plaintiff's] billing on May 27, 2021, but [Plaintiff's counsel] was informed that request was never received."

43. On August 31, 2021, more than thirty (30) days after receiving Plaintiff's July 21, 2021 request, Defendant sent to Plaintiff by mail—rather than by email or

- 7 -
FIRST AMENDED CLASS ACTION COMPLAINT

1  fax—the billing statements requested and another invoice (an invoice number ending
2  in 2153) totaling $21.95, which included a $20.00 base fee, $0.75 for the documents
3  requested ($0.25 per page for 3 pages), and a $1.20 postage charge.

4      44. Such charge of 25 cents per page was more than double what Defendant
5  charged Plaintiff only a couple months prior at 10 cents per page.

6      45. Defendant received Plaintiff's second payment, which was made by
7  credit card.

8      46. To date, Defendant has not refunded Plaintiff any money paid by
9  Plaintiff.

10     47. Upon information and belief, Defendant's regular business practice is to
11 not include an audit trial or complete billing records when requested by patients or
12 their agents, and frequently does not honor requests for PHI to be provided in
13 electronic form by email or fax.

14     48. As a result of Defendants conduct, Defendant has breached its contract
15 with Plaintiff.

16     49. This action seeks, among other things, damages as a result of the
17 misconduct alleged herein.

### CLASS ACTION ALLEGATIONS

19     50. Plaintiff brings this action as a class action pursuant to Federal Rule of
20 Civil Procedure 23(b)(2) and/or 23(b)(3) on behalf of Plaintiff and all other similarly
21 situated individuals who requested, personally or through an agent, their personal PHI
22 from Defendant.

23     51. Plaintiff brings this action on behalf of Plaintiff and all others similarly
24 situated nationwide (the "Class"). Plaintiff represents, and is a member of, the Class,
25 which is defined as follows:

26         All persons in the United States who paid Defendant for PHI
27         records and i) received partial and/or incomplete PHI records
           from Defendant; and/or ii) received records in a format other
28

than the format requested, within the two years prior to the filing of the Complaint.

52. Plaintiff brings this action on behalf of Plaintiff and all others similarly situated in the State of California (the "Sub-Class"). Plaintiff represents, and is a member of, the Sub-Class, which is defined as follows:

> All persons in California who paid Defendant for PHI records and i) received partial and/or incomplete PHI records from Defendant; and/or ii) received records in a format other than the format requested, within the two years prior to the filing of the Complaint.

53. Excluded from the Class and Sub-Class are: (1) Defendant, any entity or division in which Defendant has a controlling interest, and their legal representatives, officers, directors, assigns, and successors; (2) the Judge to whom this case is assigned and the Judge's staff; and (3) those persons who have suffered personal injuries as a result of the facts alleged herein.

54. The Class and Sub-Class are collectively referred to sometimes as the "Classes."

55. The Class and Sub-Class meets the criteria for certification pursuant to Fed. R. Civ. P. 23.

56. Plaintiff does not know the exact number of members in the Classes, but based upon the Defendant's volume of release of information requests for electronically stored PHI processed annually, Plaintiff believes that the class members number at a minimum in the thousands.

57. Class certification is proper because the questions raised by this complaint are ones of common or general interest affecting numerous persons, such that it is impracticable to bring all such persons before the court.

58. Plaintiff reserves the right to redefine the Classes, including but not limited to expanding the class definition and adding one or more subclasses as

appropriate based on discovery and specific theories of liability.

59. The Classes that Plaintiff seeks to represent contains numerous members and is clearly ascertainable including, without limitation, by using Defendant's records to determine the size of the Classes and to determine the identities of individual Class members.

**Numerosity**

60. The Class and Sub-Class members are so numerous that joinder of all members would be unfeasible and impractical. The membership of the Class and Sub-Class is currently unknown to Plaintiff at this time. However, on information and belief, Defendant received at least several thousands of records requests for electronically stored PHI from individuals during the applicable time period. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

**Commonality**

61. There are questions of law and fact common to the Classes that predominate over any questions affecting only individual members of the Classes. Those common questions of law and fact include, without limitation, the following:

a) Whether Defendant maintains electronic PHI records to Plaintiff and Class members;

b) Whether Defendant entered into implied-in-fact contracts with Plaintiff and the Class members;

c) Whether Defendant provided all electronic PHI records to Plaintiff and Class members;

d) Whether Defendant provided PHI records to Plaintiff and Class members in a format other than requested; and

e) Whether Defendant breached its contracts with Plaintiff and members of the Classes by either failing to provide all requested records or

proving records in a format not requested.

**Typicality**

62. Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class member with whom they are similarly situated, and Plaintiff's claims (or defenses, if any) are typical of all Class and Sub-Class members' as demonstrated herein.

63. Plaintiff represents and is a member of the Class and Sub-Class because Plaintiff paid Defendant money for electronically stored PHI, where Defendant represented that electronically stored PHI was held and could be provided upon request to Plaintiff. Despite Defendant's representations, Defendant did not provide these services, yet Plaintiff was not refunded monies following payment to Plaintiff in a request for electronically stored PHI and was essentially overcharged. Consequently, the claims of Plaintiff are typical of the claims of members of the Classes and Plaintiff's interests are consistent with and not antagonistic to those of the other members of the Classes who Plaintiff seeks to represent.

64. Plaintiff and all members of the Class have been impacted by, and face continuing harm arising out of, Defendant's violations or misconduct as alleged herein.

**Adequacy**

65. Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class and Sub-Class member with whom Plaintiff is similarly situated, as demonstrated herein. Plaintiff acknowledges that Plaintiff has an obligation to make known to the Court any relationship, conflicts, or differences with any Class member. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. In addition, the proposed class counsel is experienced in handling claims involving consumer actions and violations of the causes of action asserted. Plaintiff has incurred, and throughout

the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be, necessarily expended for the prosecution of this action for the substantial benefit of each Class and Sub-Class member. Neither Plaintiff nor Plaintiff's counsel have any interests adverse to those of the other Class and Sub-Class members.

### Predominance

66. Questions of law or fact common to the members of the Classes predominate over any questions affecting only individual members of the class. The elements of the legal claims brought by Plaintiff and members of the Classes are capable of proof at trial through evidence that is common to the class rather than individual to its members.

### Superiority

67. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable and questions of law and fact common to the Classes predominate over any questions affecting only individual members of the Classes. Even if every individual Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts if individual litigation of the numerous cases were to be required.

68. Individualized litigation also would present the potential for varying, inconsistent, or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, conducting this action as a class action will present fewer management difficulties, conserve the resources of the parties and the court system, and protect the rights of each Class member. Further, it will prevent the very real harm that would be suffered by numerous members of the Classes who will be unable to enforce individual claims of this size on their own, and by Defendant's competitors,

who will be placed at a competitive disadvantage because they chose to obey the law. Plaintiff anticipates no difficulty in the management of this case as a class action.

69. The prosecution of separate actions by individual Class and Sub-Class members may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members of the Classes not parties to those adjudications, or that would otherwise substantially impair or impede the ability of those non-party Class and Sub-Class members to protect their interests.

70. The prosecution of individual actions by Class and Sub-Class members would establish inconsistent standards of conduct for Defendant.

71. Defendant has acted or refused to act in ways generally applicable to the Class, thereby making appropriate final and injunctive relief or corresponding declaratory relief with regard to members of the Classes as a whole. Likewise, Defendant's conduct as described above is unlawful, is capable of repetition, and will continue unless restrained and enjoined by the Court.

72. The Classes may also be certified because:

(a) the prosecution of separate actions by individual Class and Sub-Class members would create a risk of inconsistent or varying adjudication with respect to individual Class and Sub-Class members, which would establish incompatible standards of conduct for Defendants;

(b) the prosecution of separate actions by individual Class and Sub-Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class and Sub-Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

(c) Defendants have acted or refused to act on grounds generally applicable to the Classes, thereby making appropriate final and

- 13 -
FIRST AMENDED CLASS ACTION COMPLAINT

injunctive relief with respect to the members of the Classes as a whole.

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT

### [ON BEHALF OF A NATIONWIDE CLASS AND THE CALIFORNIA SUB-CLASS]

73. Plaintiff incorporates by reference all of the above paragraphs of this First Amended Complaint as though fully stated herein.

74. Plaintiff, the Class, and California Sub-Class entered into one or more implied-in-fact contracts with Defendant whereby Defendant would provide them with their complete electronic PHI records.

75. The implied-in-fact contract were created by the conduct of the parties when Plaintiff, the Class, and California Sub-Class submitted requests for PHI to Defendant, and Defendant responded to said requests with PHI records and invoices for those PHI records.

76. Plaintiff, the Class, and California Sub-Class performed all, or substantially all of the significant things, that the contract required them to do.

77. Defendant failed to perform its obligations under the contract when it failed to provide Plaintiff as well as Class and Sub-Class members with a complete copy of their electronic PHI records.

78. Plaintiff, the Class, and California Sub-Class were harmed by Defendant's breach because they were denied the full benefit of the bargain for which they paid.

79. Defendant's breach was not just the substantial cause of the harm suffered by Plaintiff, the Class, and California Sub-Class – it was the only cause.

80. Plaintiff and others similarly situated individuals fully paid for their records and as such fully performed their end of the bargained-for exchange.

81. Plaintiff, individually and on behalf of the classes, seeks damages for Defendant's breach of contract, as well as interest, reasonable attorney's fees,

expenses, and costs to the extent allowable by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and members of the Class and California Sub-Class, prays for the following relief against Defendant:

- That this action be certified as a Class Action, establishing the Class and any appropriate sub-classes that the Court may deem appropriate;
- Appointing Plaintiff as the representative of the Class;
- Appointing the law firms representing Plaintiff as Class Counsel;
- Requiring that Defendant restitute or disgorge unearned moneys to Plaintiff and the Class;
- Actual damages;
- Awarding pre and post-judgment interest as permitted by law;
- Costs of suit;
- An award of reasonable attorneys' fees and costs for Plaintiff and the Class pursuant to Cal. Code Civ. Proc. § 1021.5, the common fund doctrine, or any other applicable law; and
- Any and all other relief as this Court may deem necessary or appropriate.

## JURY DEMAND

82. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: February 23, 2023                    Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: /s/ Abbas Kazerounian
ABBAS KAZEROUNIAN, ESQ.
ak@kazlg.com
ATTORNEY FOR PLAINTIFF

1  <u>Additional Counsel for Plaintiff</u>
2  Jason A. Ibey, Esq. (SBN: 284607)
   Kazerouni Law Group, APC
3  321 N Mall Drive, Suite R108
4  St. George, Utah 84790
   Telephone (800) 400-6808
5  Facsimile (800) 520-5523
   Email: jason@kazlg.com
6
7
8
...
28